**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VICTOR LONG,

        Petitioner,

v.

        CIVIL ACTION NO. 04-CV-74832-DT
        HON. DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

U.S. PAROLE COMMISSION
and TUSCOLA COUNTY SHERIFF,

        Respondent(s).
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

Victor Long, (Petitioner), through Kenneth R. Sasse of the Federal Defender's Office, filed a petition for a writ of habeas corpus on or about December 10, 2004, pursuant to 28 U.S.C. § 2241. At the time he instituted this action, Petitioner was incarcerated at the Federal Correctional Institution in Milan, Michigan pursuant to a warrant charging him with violating his federal parole. In his petition, Petitioner claims that he has been denied his statutory and due process rights to a speedy parole revocation hearing. Respondent has filed an answer to the petition. Petitioner was released from federal custody on June 15, 2005, after being discharged by the Bureau of Prisons (B.O.P.) for having completed his sentence.[1] For the reasons set forth below, the Court denies the

---

[1] The Court obtained this information from the Federal Bureau of Prisons, Inmate Locator, *see* http://www.bop.gov. The Court is permitted to take judicial notice of this information. *See e.g. Rodriguez v. Federal Bureau of Prisons,* No. 2006 WL 3782717, * 1 (E.D.Mich. December 21, 2006); *Ward v.*

1

petition for writ of habeas corpus as moot.

## I.  Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).  "[M]ootness results when events occur during

---

*Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby,* 351 F. 3d 1049, 1054, n. 3 (11th Cir. 2003).

In this case, petitioner has completed his sentence and has been discharged from custody. Moreover, according to the government's answer, petitioner's sentence was to expire, at the latest, on April 10, 2006, even if petitioner's mandatory release was revoked. Petitioner has not shown that he suffers continuing collateral consequences flowing from the discharged sentence. Absent such a showing, petitioner's claims regarding the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Spencer,* 523 U.S. at 7-14; *Prowell v. Hemingway*, 37 Fed. Appx. 768, 769-70 (6th Cir. 2002)(federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences). Petitioner's habeas application is moot because he has been discharged from prison and has completed his sentence. *Powell,* 37 Fed. Appx. at 770. Because Petitioner's sentence has been completed and he has been discharged from custody, any injury that petitioner suffered cannot be redressed by a favorable judicial decision from this Court. As such, the petition is

subject to dismissal.

## II. ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED AS MOOT**.

                              **s/ DENISE PAGE HOOD**
                              **HON. DENISE PAGE HOOD**
                              **UNITED STATES DISTRICT JUDGE**

**DATED: October 31, 2007**

     I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

                              S/William F. Lewis
                              Case Manager